Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000230
23-AUG-2013
10:38 AM

NO. CAAP-12-0000230

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KENNETH G. HOPKINS, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0022; CR. NO. 97-1236)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Kenneth G. Hopkins ("Hopkins"), appeals pro se from the "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody After Remand," filed on February 23, 2012 in the Circuit Court of the First Circuit ("Circuit Court").[1]

In a Summary Disposition Order filed on April 29, 2010, this court affirmed in part and vacated in part an August 29, 2008 Circuit Court order denying without a hearing Hopkins's May 23, 2008 Hawai'i Rules of Penal Procedure petition for post-conviction relief ("Rule 40 Petition"). We remanded the case for a hearing on Hopkins's claim that the Hawaii Paroling Authority ("HPA") erred in setting his minimum terms of imprisonment ("Minimum-Term Claim"). On remand, the Circuit Court denied the Minimum-Term Claim.

On appeal, Hopkins appears to argue that the Circuit Court erred in denying his Minimum-Term Claim on remand where (1) the HPA did not provide a written justification or meaningful explanation for the minimum terms it set in its June 22, 2011

_____

[1] The Honorable Karen S.S. Ahn presided.

minimum-term order; and (2) the January 18 and June 20, 2011 minimum-term hearings, at which Hopkins appeared via "video conference" from prison in Arizona, were illegal and violated his right to be present at sentencing. Hopkins also appears to argue (3) that the HPA erred in denying him parole on August 25, 2011, without stating any specific reason for its denial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hopkins's points of error as follows.

Arguments (1) and (2) above, which concern the Circuit Court's denial of Hopkins's Minimum-Term Claim on remand, are moot with no exception because Hopkins's minimum terms have expired. See Fukumoto v. State, No. CAAP-11-0000791, 2012 WL 5897411, at *1 (Haw. Ct. App. Nov. 21, 2012); Abadilla v. State, No. 30247, 2012 WL 3964226 (Haw. Ct. App. Sept. 11, 2012).

Argument (3) is not properly before this court and would be more appropriately raised in a separate Rule 40 petition. Stanley v. State, 76 Hawai'i 446, 451 & n.4, 879 P.2d 551, 556 & n.4 (1994). The Rule 40 Petition did not raise any issue regarding the HPA's denial of parole to Hopkins, as it was filed more than three years before the denial allegedly occurred.

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody After Remand," filed on February 23, 2012 in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, August 23, 2013.

On the briefs:

Kenneth G. Hopkins,
Pro Se Petitioner-Appellant.

Lisa Itomura and
Diane K. Taira,
Deputy Attorneys General,
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge